```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        BLUEFIELD DIVISION
```

**JEAN ELIZABETH KAUFMAN**
    **Plaintiff,**

v.	CIVIL ACTION NO. 1:10-cv-00071

**OFFICER H. BAYNARD,** *et al.*,
    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Plaintiff Jean E. Kaufman ("Kaufman") filed her Complaint in this case on January 25, 2010, seeking damages for alleged injuries she received from a correctional officer at FPC Alderson, where Kaufman was an inmate. See Complaint (Doc. # 1), p. 5. Plaintiff originally brought her claim pursuant to 42 U.S.C. § 1983. By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

*I. Plaintiff's § 1983 claim re-characterized*

Prior to submitting his Proposed Findings and Recommendation in this matter, Magistrate Judge VanDervort granted Kaufman's motion to amend wording of U.S.C. § 1983 submission to include Warden Amber Nelson in Substitution of FPC Alderson. In his Order, Magistrate Judge VanDervort further explained that a plaintiff can only sue under 42 U.S.C. § 1983 when the injury the plaintiff complains of was inflicted by an official acting under color of state law. In a situation where the injury plaintiff

complains of is inflicted by an official acting under color of federal law, however, a § 1983 claim is inappropriate. Magistrate Judge VanDervort concluded that Kaufman inappropriately brought her case as a § 1983 claim, because the officials she sued were all federal officials. See Order dated December 6, 2010, p.4 n.3 (Doc. # 24). Construing plaintiff's Complaint liberally, however, Magistrate Judge VanDervort re-characterized Kaufman's § 1983 claim as (1) a claim under the Federal Tort Claims Act ("FTCA"), and (2) a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (the "Bivens claim"). See id. pp. 2-3.

*II. Magistrate Judge VanDervort's Proposed Findings and Recommendation*

Magistrate Judge VanDervort then submitted to the court his Proposed Findings and Recommendation on December 6, 2010, in which he recommended that the district court **GRANT** the United States' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction; **GRANT** the United States' Motion to Dismiss Defendant Officer H. Baynard and Substitute the United States as to Plaintiff's FTCA Claim, and **REFER** this matter back to Magistrate Judge VanDervort for further proceedings on plaintiff's Bivens claim.

Magistrate Judge VanDervort recommended that the district court grant the United States' motion to dismiss complaint for

lack of subject matter jurisdiction as to plaintiff's FTCA claim, because Kaufman failed to properly exhaust her administrative remedies (as required by the FTCA) prior to filing her Complaint with this court.[1]  See Proposed Findings and Recommendation (Doc. # 25), pp. 12-14.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

*III. Plaintiff's objections*

Plaintiff filed objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation on February 4, 2011, after having sought and received an enlargement of time from this court (Doc. # 39).[2]

---

[1] The procedure for filing an administrative claim under the FTCA is outlined in the Code of Federal Regulations at 28 C.F.R. §§ 14.1 to 14.115 and 543.30 to 543.32.

[2] Kaufman originally filed objections to Magistrate Judge VanDervort's Proposed Findings and Recommendation on January 4, 2011 (Doc. # 28). In granting Kaufman's request for an extension of time, the court stated that if Kaufman filed later objections, the court would treat those objections as superseding Kaufman's earlier objections.  See Order dated January 5, 2011 (Doc. # 34). The court felt this to be the appropriate course of action given that Kaufman's primary reason for seeking an extension of time was to allow her to better understand the relevant law.

In her objections, Kaufman agrees with Magistrate Judge VanDervort's recommendation that her case would be best pursued as a <u>Bivens</u> claim, rather than as a 42 U.S.C. § 1983 action. Despite her agreement with Magistrate Judge VanDervort, Kaufman nonetheless maintains that her case could still be pursued under § 1983.  She requests, therefore, that her § 1983 claim be dismissed without prejudice.  Specifically, Kaufman cites a law firm website's discussion of FTCA actions for the proposition that in a § 1983 action, a plaintiff must only satisfy the prior administrative claim requirement if the plaintiff is suing the United States directly, and not an individual defendant (as was the case in the instant action).  Further, Kaufman points to language in the cited text, which purports to give Kaufman sixty days in order to remedy her failure to file an administrative claim.

*IV. The court's discussion of plaintiff's objections*

In view of the procedural history of this case, the court finds it necessary to address an area of apparent confusion. With respect to Kaufman's argument that her § 1983 claim could still properly be pursued at a future time, the court notes that Magistrate Judge VanDervort has already re-characterized that suit as an FTCA claim and a <u>Bivens</u> action, for the reasons explained above.  Section 1983 is a cause of action that Kaufman simply cannot use, because it allows suit against state officials

only, not federal officials.  Thus, it was inappropriate for Kaufman to bring this case as a § 1983 claim initially, and it would be equally inappropriate for her to try to bring a § 1983 claim at a later date as well.  To the extent, therefore, that Kaufman requests in her objections that the court dismiss her § 1983 claim without prejudice, the court **DENIES** Kaufman's request.

In an effort to constructively address Kaufman's objections, however, the court reads her argument with respect to the exhaustion of administrative claims as relating to Kaufman's FTCA claim.

In order to clarify plaintiff's rights under the FTCA at the current juncture in the litigation, the court finds it necessary to briefly summarize the procedural requirements of an FTCA claim generally.  A claim under the FTCA against the United States must first be presented to the appropriate agency within the two-year statute of limitations.[3]  28 U.S.C. § 2401(b).  It is only after the agency has denied the claim, or the agency has failed to take action for six months, that the plaintiff may file his claim in a

---

[3] In this case, Kaufman's alleged injury happened on January 28, 2008.  See Complaint (Doc. # 1), p. 5.  This was the date that her cause of action accrued.  Since Kaufman filed her Complaint in this court on January 25, 2010, she was within the applicable statute of limitations.  There appears to be no disagreement as to the accuracy of the date of Kaufman's injury.  See Proposed Findings and Recommendation (Doc. # 25).  As such, plaintiff's claim is timely.

district court.  28 U.S.C. § 2675(a).  Where a plaintiff has prematurely filed his claim in the district court by failing to first exhaust his administrative remedies, the court may dismiss the plaintiff's FTCA claim.

The requirement that a plaintiff exhaust his administrative remedies applies even when the court later substitutes the United States as the defendant in the case.  In other words, when a plaintiff initially files his FTCA claim in a district court against an individual defendant without first exhausting his administrative remedies, and the court later substitutes the United States as the defendant in the case, the court may still dismiss the plaintiff's FTCA claim for lack of subject matter jurisdiction.  See Mittleman v. United States, 104 F.3d 410, 412 (D.C. Cir. 1997); Egan v. United States, 732 F. Supp. 1248, 1253-54 (E.D.N.Y. 1990).  This is precisely what happened in the instant case.  First, Magistrate Judge VanDervort found that the individual defendants were acting in their official capacity at the time the alleged tort occurred, and consequently concluded that substitution of the United States was appropriate.  Kaufman did not object to this finding.  Second, Magistrate Judge VanDervort concluded that Kaufman failed to submit any evidence to suggest that she properly exhausted her administrative remedies with respect to her FTCA claim.  Kaufman does not dispute this finding either.  As such, Kaufman's FTCA claim in

the district court is premature, and therefore appropriately dismissed at this juncture.

That is not to say, however, that Kaufman cannot attempt to revive her FTCA claim. The law gives her another opportunity to present her claim to the appropriate agency. 28 U.S.C. § 2679(d)(5) provides that in a case where the United States has been substituted for an individual defendant, the plaintiff may cure a failure to exhaust his administrative remedies by filing for such remedies within sixty (60) days of the dismissal Order.[4]

Accordingly, the court adopts Magistrate Judge VanDervort's proposed findings and recommendation and hereby:

1. **GRANTS** the United States' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction;
2. **GRANTS** the United States' Motion to Dismiss Defendant Officer H. Baynard and Substitute the United States as to Plaintiff's FTCA Claim; and
3. **REFERS** this matter back to Magistrate Judge VanDervort for further proceedings regarding Plaintiff's Bivens claim.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

---

[4] The statute also requires that the administrative claim be timely. A claim to the appropriate agency will be timely if "the claim would have been timely had it been filed on the date the underlying civil action was commenced." 28 U.S.C. § 2679(d)(5). The plaintiff's case was timely filed in the district court. See supra, p.5.

It is **SO ORDERED** this 31st day of March, 2011.

                                ENTER:

                                David A. Faber
                                Senior United States District Judge